UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                             Case No. GL 15-02902-jtg

TANYA M. SNORDEN,                                  Chapter 7

                   Debtor.                         Hon. John T. Gregg

_____/

## OPINION REGARDING MOTION
## FOR RECONSIDERATION

APPEARANCES:  Robert W. Dietrich and Michael T. Brown, DIETRICH LAW FIRM, Lansing, Michigan, for Tanya M. Snorden

This matter comes before the court on a Motion for Reconsideration of the Order Denying Debtor's Motion for Sanctions [Dkt. No. 50] (the "Motion for Reconsideration") filed by Tanya M. Snorden, the debtor in the above-captioned case (the "Debtor").  In the Motion for Reconsideration, the Debtor asserts that the court erred when it declined to award additional damages or sanction A&A Rent-a-Ride, Inc. ("A&A") and its representative, Staci Powers ("Powers"), for A&A's failure to satisfy a money judgment previously entered by this court.  For the following reasons, the court shall deny the Motion for Reconsideration.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

Prior to the petition date, A&A, a creditor of the Debtor, obtained a default judgment from the 54A District Court for the State of Michigan in the amount of $8,000.  Thereafter, the Debtor voluntarily paid just over $1,600 in partial satisfaction of the state court judgment.  When the Debtor stopped paying, A&A began garnishing the Debtor's wages in January 2015.  In the ninety

days leading up to the Debtor's bankruptcy, A&A garnished $2,408.83 from the Debtor. A&A did not stop garnishing the Debtor's wages after she filed for relief under Chapter 7 in May 2015, however. Instead, even after receiving notice of the bankruptcy, A&A garnished an additional $613.70.

In order to ensure that the garnishment ceased and in an attempt to recover a significant portion of the funds that were garnished pre and post-petition, the Debtor filed a motion seeking damages for a willful violation of the automatic stay and avoidance of alleged preferential transfers [Dkt. No. 11]. In its bench opinion given on September 14, 2015, the court specifically found that "A&A's knowing failure to release the garnishment after receiving numerous notices of the bankruptcy constitutes a willful violation of the automatic stay under section 362(k)(1)." The court subsequently entered an order, as amended [Dkt. Nos. 22, 35] (the "Damages Order"), granting the motion in part by awarding the Debtor money damages against A&A.[1] The court also granted the Debtor's separate motion for attorneys' fees and costs [Dkt. No. 27]. In sum, the court awarded the Debtor actual damages in the amount of $613.70, punitive damages in the amount of $200.00, and attorneys' fees and costs in the amount of $702.10 against A&A for violations of the automatic stay. *See* 11 U.S.C. § 362(k) (providing for recovery of actual and punitive damages, as well as attorneys' fees); *see also* 11 U.S.C. § 342(g)(2) (referring to damages awarded under section 362(k) as "monetary penalty").

Two months later, the Debtor commenced an adversary proceeding against A&A and Powers to avoid and recover the funds garnished within ninety days of the petition date. The court

---

[1]    As explained in its telephonic bench opinion given on September 14, 2015, the court denied without prejudice the request to avoid the alleged preferential transfers, as the *prima facie* elements of a preference had not properly been pled. The court also did not find that A&A or Powers was in contempt under section 105(a). *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422 (6th Cir. 2000) (noting that section 362 contains private right of action for violation of automatic stay in individual case, unlike section 524, which includes no private right of action and instead relies on contempt).

entered a default judgment [Adv. Dkt. Nos. 15, 31, 34] against A&A and Powers on March 31, 2016 in the amount of $2,408.83 (the "Judgment"). The court also awarded costs (but not attorneys' fees) and disallowed any claim of A&A under section 502(d).

After entry of the Damages Order and the Judgment, neither A&A nor Powers tendered any payments to the Debtor. Frustrated with the lack of payments, the Debtor filed a motion in July 2016 requesting that the court award further damages and sanction A&A and Powers [Dkt. No. 45] (the "Supplemental Motion"). According to the Debtor, A&A and Powers were, and still are, continuing to violate the automatic stay and the discharge injunction [Dkt. No. 20] because they have failed to pay the amounts awarded in the Damages Order.[2] In the Supplemental Motion, the Debtor requested that the court (i) find A&A and Powers in contempt, (ii) compel A&A and Powers to satisfy in full the damages previously awarded, (iii) award additional punitive damages of $1,000.00, (iv) award the Debtor attorneys' fees and other costs related to the Supplemental Motion, and (v) impose sanctions of $100.00 per day on A&A and Powers for each day that any amounts due to the Debtor remain unpaid.

The court held a hearing on the Supplemental Motion on September 1, 2016. At the conclusion of the hearing, the court gave a bench opinion and subsequently entered an order [Dkt. No. 51] denying the request for sanctions and additional damages. The court construed the Supplemental Motion as a request to modify the Damages Order. Because the court had entered a money judgement against A&A, it concluded that the Debtor's recourse resided in the collection remedies afforded under applicable non-bankruptcy law. *See* Fed. R. Bankr. P. 7069 (money judgment enforced by proceedings supplemental under laws of state in which bankruptcy court located unless federal statute applies).

---

[2]    It is unclear why the Debtor seeks to hold Powers in contempt. A&A, not Powers, garnished the Debtor's wages. By its express terms, the Damages Order only pertains to A&A.

On October 10, 2016, the Debtor filed her Motion for Reconsideration seeking relief under Fed. R. Civ. P. 59(e). The Motion for Reconsideration requests that the court reconsider its decision not to sanction A&A and Powers and award additional damages for their failure to satisfy the Damages Order. The Debtor argues that A&A's refusal to satisfy the Damages Order entitles her to sanctions and additional damages and is therefore not a request for modification. As such, the Debtor contends that the court committed an error of law and its decision has resulted in a manifest injustice.

The court held a hearing regarding the Motion for Reconsideration on October 21, 2016. After careful consideration, the court shall deny the Motion for Reconsideration.

## DISCUSSION

Rule 9023 of the Federal Rules Bankruptcy Procedure provides that Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases, subject to an abbreviated period of fourteen days in which to move for a new trial or to alter or amend a judgment. Fed. R. Bankr. P. 9023. Under Fed. R. Civ. P. 59(e), a judgment should only be amended or altered where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent a manifest injustice. *See GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Motions for reconsideration are "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

### A.    *Clear Errors of Law*

In her Motion for Reconsideration, the Debtor argues that the court committed clear errors of law by not properly taking into account that A&A and Powers "*continue* to refuse to disgorge the wrongfully withheld monies taken in violation of the automatic stay and/or discharge

injunction, warranting additional damages."[3]  The Debtor contends that her request for additional damages is not a request to modify the Damages Order, but instead is a request for additional sanctions for failure to satisfy the Damages Order.  Regardless of whether the Debtor characterizes her request as one for modification of the Damages Order or as a request for new relief, the result is the same.

In its bench opinion, the court emphasized that the Damages Order constitutes a "judgment" under Fed. R. Bankr. P. 7054 that liquidated the Debtor's claims under section 362(k).[4] *See* Fed. R. Bankr. P. 9014(c); Fed. R. Bankr. P. 7054.  The court further explained that because the Debtor has a money judgment, her recourse lies in the collection remedies under applicable non-bankruptcy law.  Fed. R. Bankr. P. 7069.  "[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986); *see U.S. Leather, Inc. v. Mitchell Mfg. Group, Inc.*, 276 F.3d 782, 789 (6th Cir. 2002) (enforcement of money judgment must be by writ of execution); *Carter v. Fleece (In re Davis)*, 299 F. 193, 194 (6th Cir. 1923) (payment of money judgment cannot be coerced by contempt process).[5]  The court also distinguished the Damages Order in this case from situations where a person continues with improper conduct by failing to comply with a non-monetary judgment. *See, e.g.*, *In re Seal*, 192 B.R. 442, 455-56 (Bankr. W.D. Mich. 1996) (civil contempt found where person failed to cease action in violation of automatic stay despite court order to contrary).

---

[3]    The automatic stay is no longer in effect, as the discharge injunction was entered on September 9, 2015 [Dkt. No. 20]. *See Andrews Univ. v. Merchant (In re Merchant)*, 958 F.2d 738, 742 (6th Cir. 1992) (automatic stay remains in effect until either the case is closed, the case is dismissed, or the discharge is issued or denied).

[4]    A "judgment" is defined as including "a decree and any order from which an appeal lies," but excluding "recitals of pleadings, a master's report, or a record of prior proceedings."  Fed. R. Civ. P. 54(a).

[5]    The Debtor does not dispute that she holds a money judgment enforceable pursuant to Fed. R. Bankr. P. 7069.  (*See* Mot. for Recon. at ¶ 6.)

Without providing any substantive discussion, the Debtor cites to several decisions from other courts which purport to support her position. Upon review, none of the decisions are on point or analogous. *See State of California Empl't Dev. Dept. v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147 (9th Cir. 1996) (reversing award of attorneys' fees for services rendered to trustee in connection with appeal of stay violation order); *Johnston v. Parker (In re Johnston)*, 321 B.R. 262 (D. Ariz. 2005) (stating that burden was on creditor to cease state court collection proceeding); *Franchise Tax Bd. v. Roberts (In re Roberts)*, 175 B.R. 339 (B.A.P. 9th Cir. 1994) (generally stating that creditor must remediate acts); *In re Panek*, 402 B.R. 71 (Bankr. D. Mass. 2009); *In re McCall-Pruitt*, 281 B.R. 910 (Bankr. E.D. Mich. 2002) (discussing duty to cease collection proceedings as a result of automatic stay); *In re Raper*, 177 B.R. 107 (Bankr. N.D. Fla. 1994) (finding improper post-petition payroll deductions and refusal to cease same to be violations of automatic stay); *In re Brooks*, 132 B.R. 29 (Bankr. W.D. Mo. 1991) (finding violation of automatic stay and awarding damages and attorneys' fees). They do not involve a situation where a court had previously entered a money judgment in favor of a debtor and the judgment debtor's failure to satisfy such judgment resulted in new violations of the automatic stay and/or discharge injunction.

The Debtor also cites to *In re Panek*, a decision that she relied on in her Supplemental Motion. *See* 402 B.R. 71 (Bankr. D. Mass. 2009). In its bench opinion on the Supplemental Motion, this court distinguished *Panek*, which involved a situation where the bankruptcy court had yet to enter an order before it increased the amount of damages and then imposed sanctions. *See id*. at 77-78. The *Panek* court took such action because the offending party did not memorialize a settlement as promised, causing the court to render an initial decision in favor of the debtor with increased penalties. *Id*.

During the hearing on the Motion for Reconsideration, the Debtor identified yet another decision that she believes supports her position. *See Copeland v. Kandi (In re Copeland)*, 441 B.R. 352 (Bankr. W.D. Wash. 2010). In *Copeland*, the court considered a situation involving a deed of trust and a declaration of forfeiture. *Id*. at 358-60. Because the offending party filed these documents on the petition date and, post-petition, filed a counterclaim in state court, the *Copeland* court found that, much like this court concluded in its Damages Order, a willful violation of the automatic stay had occurred. *Id*. at 360-67. As a result, the *Copeland* court awarded actual damages and attorneys' fees, but declined to award punitive damages. *Id*. at 367-70.

The Debtor's reliance on *Panek* and *Copeland* is misplaced. Those decisions, like the other decisions cited by the Debtor, did not involve a situation where the court awarded money damages for a willful violation of the automatic stay, and then awarded additional damages or otherwise sanctioned the offending party for the failure to satisfy the money judgment.

In this case, A&A improperly garnished the Debtor's funds post-petition. As a result of A&A's willful conduct, the court awarded the Debtor actual damages, punitive damages and attorneys' fees in the Damages Order. In fact, the court specifically stated that damages were being awarded due to A&A's failure to cease garnishing the Debtor's wages after receiving notice of the Debtor's bankruptcy. The court therefore found A&A liable for money damages as explained in its bench opinion given on September 14, 2015.

This is not a situation where A&A has continued to garnish the Debtor's wages after entry of the Damages Order, which would arguably give rise to a finding of civil contempt under section 105(a). *See In re Seal*, 192 B.R. at 455-56. If that were the case, the court would most likely hold A&A in contempt, order specific performance and award additional damages. Here, the garnishments have stopped and, as discussed below, the Debtor has not attempted to collect. At

this point, enforcement of the Damages Order may be undertaken by execution.  The Debtor has therefore not demonstrated that this court erred as a matter of law when it declined to hold A&A in contempt and award additional damages for A&A's failure to satisfy the money judgment.

### B.    *Manifest Injustice*

The Debtor next argues that relief should be granted to the Debtor to prevent a manifest injustice.  The Sixth Circuit has stated that manifest injustice requires a "want of equity" or some form of "unfairness."  *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 Fed. Appx. 319, 331 (6th Cir. 2014).  In this case, the Debtor is not without remedy under the law to collect from A&A.  In the Motion for Reconsideration and during the hearing, the Debtor acknowledged that she has the right to use post-judgment collection remedies to satisfy the Damages Order and that she anticipates exercising those rights in the near future.  To date, however, the Debtor has chosen not to pursue the recourse available to her under Fed. R. Bankr. P. 7069 or, for that matter, even attempt to mitigate any alleged continuing violations of the automatic stay and/or discharge injunction.  *See*, *e.g.*, *In re Oksentowicz*, 324 B.R. 628, 630 (Bankr. E.D. Mich. 2005) (debtor has obligation to mitigate damages for violation of automatic stay) (collecting cases); *see also In re Harris*, 374 B.R. 611, 617 (Bankr. N.D. Ohio 2007) (violations of automatic stay should not be viewed as "profit-making endeavor") (citation omitted).[6]

In light of the Debtor's decision, the court is without reason to conclude that A&A has committed additional willful violations of the automatic stay or should be held in contempt for a

---

[6]    In the event that the Debtor had attempted to collect without success, an argument could at least be made for additional sanctions. *See Patterson v. America's Voice, Inc. (In re America's Voice, Inc.)*, 2000 WL 33529764, at *2 (Bankr. D. D.C. Oct. 4, 2000) (denying request to use contempt power to enforce money judgment and noting that only in rare circumstances after attempts to collect are made should court even consider contempt to enforce judgment).  However, because this court was not provided with any evidence of the Debtor's attempts to collect, it did not need to consider whether such relief would be appropriate as part of the Supplemental Motion.

violation of the discharge injunction.  The Debtor, armed with a money judgment from this court, has a means by which to collect if she so chooses.  As such, there is no injustice.

### CONCLUSION

The court understands the frustration of the Debtor, who simply seeks to recover the funds garnished by A&A and Powers.  The court reiterates that as a result of the money judgment in her favor and against A&A, the Debtor is free to enforce it under applicable non-bankruptcy law (*i.e.*, collection remedies under Michigan law), whether in this court or another court of competent jurisdiction.  *See In re Buchner*, 2015 WL 1869452, at *2 (Bankr. W.D. Mich. Apr. 22, 2015) (noting state courts are better equipped to conduct post-judgment proceedings).

For the foregoing reasons, the Motion for Reconsideration is denied.  The court shall enter a separate order consistent with this Opinion.

**Signed: November 1, 2016**





John T. Gregg
United States Bankruptcy Judge